*Tagged Opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on August 2, 2021.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 20-20181-LMI |
| ROBERT GILLES MICHEL KOESSLER *and* DELMA KOESSLER | CHAPTER: 11 |
| Debtors._____/ | |

### ORDER DENYING DEBTORS' MOTION TO VALUE

**THIS CAUSE** came before the Court for hearing on June 1, 2021, upon the *Motion to Value Real Property Located at 7463 SW 188 Terrace, Cutler Bay, FL 33157* (ECF #135) (the "Motion to Value") filed by Robert Gilles Michel Koessler and Delma Koessler (hereinafter the "Debtors"), creditor Bank of America, N.A. ("BOA")'s Response (ECF #149), Debtors' Reply (ECF #152), BOA's Supplemental Response (ECF #153), and the Debtors' Supplemental Reply (ECF #163). The Court, having considered the record, the applicable law, the arguments of both the Debtors and BOA, the Motion to Value is denied with

respect to Debtors' valuation of BOA's claim relating to the first mortgage lien of BOA.

**FACTS**

The Debtors borrowed money from BOA to purchase property located at 7463 SW 188 Terrace, Cutler Bay, Florida 33157 (the "Property") represented by a promissory note in the original principal amount of $631,200.00 (the "Note"). To secure repayment of the Note, the Debtors executed a mortgage (the "First Mortgage") encumbering the Property.[1] On September 19, 2020, the Debtors filed the instant bankruptcy case.[2] BOA filed Proof of Claim #9 (the "BOA Claim"), for a total secured claim in the amount of $1,242,118.30 and arrearages in the amount of $767,991.96.

On May 3, 2021, the Debtors filed the Motion to Value the Property in accordance with 11 U.S.C. §506(a), seeking to value the Property at $620,000.00, and, therefore, reducing BOA's Claim accordingly.[3] On the date of BOA's recording of the final judgment of foreclosure (the "Foreclosure Judgment"), the Debtors owned, in addition to their principal residence, real property located at 8936 W. Flagler St., Unit 213, Miami, Florida 33174 (the "Condominium"). The Debtors argue upon recordation of the Foreclosure Judgment, BOA held a

---

[1] The First Mortgage was recorded at OR Book/Page 26133/4853. A second mortgage on the Property was originally granted to Countrywide Bank, FSB, which was recorded at OR Book/Page 26133/4867, and assigned to BOA pursuant to an Assignment of Mortgage recorded at Book/Page 28175/3124 (the "Second Mortgage"). The Debtors and BOA have agreed that the Second Mortgage should be stripped off. *See Agreed Order Granting Debtors' Agreed Motion to Value Second Mortgage Lien on Real Property Located at 7463 SW 188 Terrace, Cutler Bay, FL 33157* (ECF #191).
[2] The bankruptcy case was converted from Chapter 13 to a Chapter 11 case under Subchapter V on April 16, 2021 (ECF #106).
[3] The Motion to Value also seeks to strip off several recorded judicial liens from the Property on the basis that all liens on the Property are junior to BOA. This additional relief will be addressed by separate order.

2

general lien pursuant to Fla. Stat. §55.10 on *all* real property of the Debtors located in Miami-Dade County. Accordingly, the Debtors argue, the Condominium serves as additional security for BOA's Claim, and therefore BOA has security "other than" the Debtors' principal residence for its claim. Consequently, the Debtors assert, the "anti-modification" provision of 11 U.S.C. §1123(b)(5) does not apply.

BOA counters that section 55.10 is not applicable to foreclosure judgments, and as a result, BOA's Foreclosure Judgment is secured solely by its lien on the Debtors' primary residence. Therefore, the "anti-modification" provision of section 1123(b)(5) precludes claim bifurcation.

It is undisputed that the Property is the Debtors' primary residence and that BOA has a secured claim in the first lien position on the Property. Counsel for BOA and Counsel for the Debtors (the "Parties") have framed the issue before the Court as whether section 55.10 applies to foreclosure judgments.

## ANALYSIS

The "anti-modification" language contained in section 1123(b)(5) provides: "a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. §1123(b)(5). *See In re Hock*, 571 B.R. 891, 895 (Bankr. S.D. Fla. 2017) ("Stated differently, the claims which may not be modified in a chapter 11 plan are claims secured only by a security interest in real property that is the debtor's principal residence.").

Section 55.10(1) of the Florida Statutes provides:

3

> A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree.

Fla. Stat. §55.10(1). In addition, section 55.10(4) states:

> This act shall apply to all judgments, orders, and decrees of record which constitute a lien on real property; except that any judgment, order, or decree recorded prior to July 1, 1987, shall remain a lien on real property until the period provided for in s. 55.081 expires or until the lien is satisfied, whichever occurs first.

Fla. Stat. §55.10(4).

The Debtors assert that the Court must look to the unambiguous language of section 55.10 and the canons of statutory construction. Since, the Debtors argue, the statute applies to "all judgments" and because the statute does not explicitly except foreclosure judgments, foreclosure judgments fall within section 55.10 and upon recordation, create an *additional* lien on *all* real property of the judgment debtor located in the county where the certified copy of the judgment is recorded.

It appears that BOA's recorded Foreclosure Judgment may not be a "certified copy". If the Foreclosure Judgment is not a certified copy, then the recording of it may not satisfy the requirements of section 55.10. However, even if the recorded Foreclosure Judgment is a certified copy, the Court finds that section 55.10 does not apply to final judgments of foreclosure. The Court is bound by the holding of the Florida Third District Court of Appeal in *Sanchez v. Black, Srebnick, Kornspan Stumpf, P.A.*, 911 So. 2d 201, 201–02 (Fla. 3d DCA

4

2005). In *Sanchez*, the court held: "[a]n existing, duly recorded mortgage, which ultimately results in **a final judgment of foreclosure, is not the 'judgment lien' anticipated by [section 55.10]**. Instead, said mortgage is a pre-existing lien that is not extinguished by the foreclosure judgment, and [t]hus, **section 55.10 is inapplicable here.**" *Sanchez*, 911 So. 2d at 201-02 (emphasis added). Because there is no contrary law in Florida, the Court must follow the *Sanchez* holding.[4]

Because the Court finds section 55.10 inapplicable to BOA's Foreclosure Judgment, BOA's entire first mortgage lien is protected by the "anti-modification" provision of section 1123(b)(5). Based on the foregoing, the pleadings filed by the Parties, and the record, it is

**ORDERED** that:

1. The Debtors' Motion to Value with respect to BOA's First Mortgage is DENIED.

2. The Parties are directed to confer regarding the issue of actual value of the Property, obtain any necessary evidence, and coordinate a final evidentiary hearing with the Court's Courtroom Deputy.

3. The Court cannot rule on the other relief requested in the Motion to Value until the issue of the value of the Property is resolved.

4. The Court retains jurisdiction to enforce the terms of this Order.

###

---

[4] *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (When interpreting state law, "federal courts are bound by the rulings of the state's highest court. . . . If the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts.") (citations omitted). The Debtors have not cited to any law contrary to the holding in *Sanchez*, nor has the Court found any such case law.

Copy to:
Jeffrey S. Fraser, Esq.
Stephen C. Breuer, Esq.

*Attorney Fraser is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*